Matter of Donovan v DOCCS Coxsackie Corr. Facility (2019 NY Slip Op 09078)





Matter of Donovan v DOCCS Coxsackie Corr. Facility


2019 NY Slip Op 09078


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528852

[*1]In the Matter of the Claim of Danl D. Donovan, Appellant,
v
DOCCS Coxsackie Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
Peter Cusick, State Insurance Fund, Albany (Edward Obertubbesing of counsel), for DOCCS Coxsackie Correctional Facility and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed September 26, 2018, which ruled, among other things, that the employer's workers' compensation carrier did not underpay the schedule loss of use award due claimant.
Claimant, a correction sergeant, sustained a work-related injury to his left hip in July 2015 and, pursuant to the terms of a collective bargaining agreement, was paid his full wages by his employer during his periods of lost time. By all accounts, the employer filed timely claims for reimbursement for the wages advanced — totaling $63,926.86. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) — by decision filed January 5, 2017 — made various awards, directed reimbursement to the employer at the maximum statutory weekly rate and granted claimant's attorneys a fee in the amount of $2,600 payable "out of reimbursement attorney fee reserved."
Claimant's physician and an independent medical examiner subsequently determined that a schedule loss of use (hereinafter SLU) award was warranted. At the encouragement of the WCLJ, the parties reached a consensus as to the degree of impairment and thereafter stipulated that claimant had sustained a 61.25% SLU of his left leg and was entitled to a total award of $148,932.76 (less payments already made). The stipulation, which was memorialized in the WCLJ's subsequent decision filed December 5, 2017, further provided that the employer's workers' compensation carrier "may take credit for all prior payments" and that the employer was entitled to reimbursement "for all wages paid by the employer totaling $63,926.86" (less prior payments). Claimant's attorney also was awarded a fee in the amount of $12,750. According to the employer and its carrier, the net award payable to claimant was $69,655.89.
After payment was tendered, claimant filed a request for further action contending that the initial award of counsel fees ($2,600) was improperly deducted from the SLU award and, hence, he had been underpaid. Following a hearing, the WCLJ — by decision filed February 5, 2018 — concluded that no underpayment had occurred. Claimant sought administrative review, whereupon the Workers' Compensation Board — by decision filed September 26, 2018 — affirmed the WCLJ's February 2018 decision. This appeal by claimant ensued.
While this appeal was pending, the Board filed an amended decision on September 17, 2019. Although the Board again affirmed the WCLJ's February 2018 decision, the amended decision, as claimant readily acknowledges, is grounded upon an entirely different legal rationale. Additionally, the amended decision relies upon an entirely different line of cases and expressly reopens and modifies the WCLJ's January 2017 and December 2017 decisions regarding the award of counsel fees and the manner in which they are to be paid. Given the disparity in the analytical frameworks employed, we are of the view that the Board's September 2018 decision has been rescinded/superseded by its subsequent September 2019 decision — from which, claimant advises us, he has now appealed. Accordingly, the instant appeal from the September 2018 decision is moot and must be dismissed (see Matter of Carey v Westchester County Dept. of Corr., 171 AD3d 1414, 1416 [2019]; Matter of Fabiano v Sears, 27 AD3d 884, 884 [2006]).
Garry, P.J., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.